UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNI.ASIA GENERAL INSURANCE BERHAD,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO., LTD., HYUNDAI MERCHANT MARINE AMERICA, AMERICAN INDEPENDENT LINE, INC., APL LIMITED, and EAGLE MARINE SERVICES, LTD.,<br><br>Defendants. | IN ADMIRALTY<br><br>Case No.<br><br>COMPLAINT FOR CARGO DAMAGE |

COMES NOW plaintiff UNI.ASIA GENERAL INSURANCE BERHAD ( hereinafter "Plaintiff"), and with this Complaint alleges against the above-named defendants as follows:

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, within the provisions of 28 U.S.C. § 1333 as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

COMPLAINT FOR CARGO DAMAGE - 1

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

2.       Alternatively, this is a case of federal question jurisdiction, within the provisions of 28 U.S.C. §§ 1331 and 1337, involving interstate carriage of goods under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706 and/or 49 U.S.C. § 14706, and under Federal common law, with an amount in controversy exceeding $10,000, exclusive of costs and interest.

## VENUE

3.       Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because, *inter alia*, a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this district.

## FIRST CLAIM FOR RELIEF

4.       Plaintiff was at all relevant times a company organized and existing under the laws of a foreign country engaged in the business of providing insurance coverage to owners and shippers of cargo throughout the world.

5.       On information and belief, defendant Hyundai Merchant Marine Co., Ltd., was at all relevant times a company organized and operating under the laws of a foreign country and engaged in business as a common carrier of merchandise by water or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent of some or all of the above, and was doing business within the jurisdiction of this court.

6.       On information and belief, defendant Hyundai Merchant Marine America was at all relevant times a legal entity organized and operating under the laws of a foreign country or of one of these United States and engaged in business as a common carrier of merchandise by water or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent of

COMPLAINT FOR CARGO DAMAGE - 2

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

some or all of the above, and was doing business within the jurisdiction of this court.

7. On information and belief, defendant American Independent Line, Inc., was at all relevant times a corporation organized and operating under the laws of one of these United States and engaged in business as a common carrier or non-vessel owning common carrier of merchandise by water or land for hire, and/or as a freight forwarder, broker, transportation intermediary, and/or agent of some or all of the above, and was doing business within the jurisdiction of this court.

8. On information and belief, defendant APL Limited was at all relevant times a legal entity organized and operating under the laws of a foreign country or of one of these United States and engaged in business operating Terminal 5 at the Port of Seattle, Washington, within the jurisdiction of this court.

9. On information and belief, defendant Eagle Marine Services, Ltd., was at all relevant times a legal entity organized and operating under the laws of one of these United States and engaged in business as a stevedore or terminal operator at Terminal 5 at the Port of Seattle, Washington, within the jurisdiction of this court.

10. Plaintiff provided cargo insurance coverage to Sime Darby Industrial Sdn Bhd (hereinafter "Sime Darby"), which was the owner, shipper, or consignee of the cargo described in Exhibit A, attached hereto. By virtue of payments made by plaintiff to Sime Darby with respect to damages sustained by the said cargo, as alleged hereinbelow, plaintiff has become subrogated to the rights held by Sime Darby in that regard and, as such, is a proper party to bring this action.

11. Per agreements between them, defendants undertook to properly and carefully ship, handle, consolidate, forward, control, or carry, and/or were the bailees of, the aforesaid

COMPLAINT FOR CARGO DAMAGE - 3

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

cargo described in Exhibit A attached hereto.

12. This is a case of cargo damage resulting from breach by one or more of the defendants of its/their contractual duties, or other fault, in its/their capacity as common carrier or party to the contracts of affreightment, bailment, and/or other contracts with respect to the goods identified in Exhibit A attached hereto.

13. On information and belief, the cargo identified in Exhibit A, consisting in part of a large Caterpillar machine destined for shipment aboard an ocean vessel owned and/or operated by defendants Hyundai Merchant Marine, Co., Ltd., and/or Hyundai Merchant Marine America, was damaged when it was overturned onto the ground, on or about May 10, 2010, while being transported by, or for, one or more of defendants herein, to the motor vessel HYUNDAI PATRIOT for loading or for preliminary staging for loading.

14. On information and belief, the said cargo suffered damage as aforesaid at Terminal 5 at the Port of Seattle, believed to be operated by defendant APL – Limited and/or by defendant Eagle Marine Services, Ltd.

15. The said cargo was scheduled for carriage by the M/V HYUNDAI PATRIOT from Seattle to Port Klang, Malaysia, for discharge.

16. The said cargo suffered damage in an amount in excess of $1,000,000.00. Despite demand for payment of said damage, none of the defendants has paid plaintiff or its insured/subrogor any part thereof.

17. As a proximate result of said breach and/or other fault by defendants, plaintiff is entitled to recover damages in an amount set forth in Exhibit A or such other sum as shall be proved at trial. In addition to those amounts, plaintiff has incurred attorneys' fees and other

COMPLAINT FOR CARGO DAMAGE - 4

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

recovery and mitigation expenses in amounts as yet unascertained.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF

18. Plaintiff incorporates Paragraphs 1 through 11 and 13 through 17 of the First Claim for Relief of this Complaint, as if fully restated herein.

19. Defendants owed plaintiff's insured/subrogor the duty to exercise reasonable care for the cargo described in Exhibit A and to properly forward, carry, handle, store, and/or control such cargo and deliver it undamaged to its destination in Malaysia. Defendants so negligently breached their duties as common carrier, handler, bailee, warehouseman, agent, or in other capacities with respect to the cargo identified in Exhibit A attached hereto, that said cargo was damaged and never delivered to its destination.

20. As a direct and proximate result of the conduct as aforesaid of defendants, plaintiff's insured/subrogor, Sime Darby, was damaged in an amount set forth in Exhibit A, and by virtue of payments made to Sime Darby, plaintiff herein is entitled to recover damages from defendants to the extent of such payments and, in addition, amounts for plaintiff's attorney's fees and costs and other recovery and mitigation expenses in amounts as yet unascertained.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### PRAYER

Plaintiff prays for the following:

1. That judgment be entered in favor of plaintiff against defendants for the amount of all damages to which plaintiff, as legal and/or equitable subrogee of the rights of Sime Darby, is entitled, together with interest and costs incurred;

COMPLAINT FOR CARGO DAMAGE - 5

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

2.    For costs of suit and any recoverable attorneys fees to which plaintiff may be entitled; and

3.    For such other further and different relief as this Court may deem just and proper in the premises.

Dated this 5th day of May, 2011.

                LAW OFFICE OF JAMES F. WHITEHEAD

                By:  /s/
                James F. Whitehead, WSBA#6319
                Attorney for Plaintiff

COMPLAINT FOR CARGO DAMAGE - 6

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252